United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                                         Case No. 23-01983-JAW
Latashia Chinita Parrott                                                                       Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-3            User: mssbad            Page 1 of 2
Date Rcvd: Jul 11, 2025         Form ID: pdf012         Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 13, 2025:**

**Recip ID**    **Recipient Name and Address**
db    + Latashia Chinita Parrott, 106 Eastwood Dr., Forest, MS 39074-3805

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 13, 2025    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 11, 2025 at the address(es) listed below:**

**Name**    **Email Address**

Eric C Miller
    on behalf of Creditor Nationstar Mortgage LLC logsecf@logs.com

Kimberly D. Putnam
    on behalf of Creditor Nationstar Mortgage LLC kim.mackey@ms.creditorlawyers.com  msecf@ms.creditorlawyers.com

Nathan Rester, I
    on behalf of Creditor Nationstar Mortgage LLC nathanrester@gmail.com

Semoune L Ellis
    on behalf of Trustee Torri Parker Martin sellis@tpmartinch13.com

Thomas Carl Rollins, Jr
    on behalf of Debtor Latashia Chinita Parrott trollins@therollinsfirm.com
    jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Torri Parker Martin

District/off: 0538-3                                         User: mssbad                                              Page 2 of 2
Date Rcvd: Jul 11, 2025                                  Form ID: pdf012                                       Total Noticed: 1

                          tpm@tpmartinch13.com  trusteeMSSB2H@ecf.epiqsystems.com

United States Trustee
                          USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 7

_____



SO ORDERED,



**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: July 11, 2025

The Order of the Court is set forth below. The docket reflects the date entered.
_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON-3 DIVISION

**IN RE: LATASHIA CHINITA PARROTT**         **CASE NO.: 23-01983-JAW**
                                              **CHAPTER 13**

### AGREED ORDER

THIS CAUSE came on for consideration on the Motion for Relief from Automatic Stay and for Abandonment or Alternatively, for Adequate Protection [doc. 68] filed by Nationstar Mortgage LLC ("Movant"), Response [doc. 77] filed by Trustee, and Response [doc. 78] filed by Debtor in the above styled case, and the Court has been advised that the parties have reached the following agreement:

1. Debtor is delinquent to Movant in post-petition payments for the months of February 2025 through June 2025 for $1,195.21 per month, less $665.19 being held in suspense totaling $5,310.86.

2. The parties are in agreement that the Debtor shall be permitted to put those amount due to Movant through June 2025, said total amount being $5,310.86 back into the plan to be paid over the life of the plan. The Debtor's ongoing monthly post-petition payments owed to Movant will be made inside the plan through the Trustee beginning July 2025 in the amount of $1,195.21. In addition, the attorney's fees and costs incurred by

Movant as a result of filing the Motion for Relief, in the amount of $1,049.00 shall be added back into the plan to be paid to Movant as a separate claim over the life of the plan. The Plan and Proof of Claim are hereby amended accordingly to reflect this Agreed Order.

3. Furthermore, in the event the Debtor fail to make any future regular installments due to the Trustee and Movant such that any said payment is more than thirty (30) days delinquent, the automatic stay shall be lifted as to the Movant and/or Movant's successors, agents or representatives, the property located at 106 Eastwood Dr., Forest, MS 39074, abandoned from the bankruptcy estate, and Movant and/or Movant's successors, agents or representatives may likewise commence foreclosure proceedings or such other proceedings as may be authorized by its Note and Deed of Trust upon proper fourteen (14) day notice of default. Partial payments made by the Debtor on future defaults may be kept and applied by Movant without the necessity of filing a new notice of default. Only full cure of future defaults will prevent the lifting of the automatic stay as provided for in this order. Additionally, Movant shall be reimbursed for any fees and costs incurred as a result of filing a proper notice of default.

4. In the case of cure of default and occurrence of subsequent defaults, Movant shall only sent three (3) additional Notice of Defaults; if a fourth (4) default occurs, the stay the stay will automatically lift without further order of the court, and Movant will file a Notice of Termination of the Automatic Stay so that all interested/affected parties are provided notice of the lift of said stay; upon filing of the Notice of Termination of the Automatic Stay, the property shall also be deemed abandoned from the bankruptcy estate and the Movant may pursue its state law remedies.

5. Further, should this case be dismissed on motion of the Trustee, of due to any of the grounds specified in Section 109(g)(1) &(2) the Bankruptcy Code, the automatic stay as to Movant shall lift simultaneously with entry of the Order of Dismissal.

6. The fourteen (14) day stay described by Bankruptcy Rule 4001(a)(3) is waived.

Entry of this order shall constitute the entry of final judgment pursuant to Bankruptcy Rule 9021 and Rule 58 of the Federal Rules of Civil Procedure and shall be applicable to any subsequent case filed by the Debtors under the Bankruptcy Code or conversion of this case to any other Chapter under the Bankruptcy Code.

## ##END OF ORDER##

APPROVED

/s/ Kimberly D. Putnam
Kimberly D. Putnam
Attorney for Movant

/s/ Thomas Carl Rollins, Jr
Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC, Attorney
Attorney for Debtor

/s/ Semoune Ellis
Torri Parker Martin, Trustee
Or Attorney for Trustee

Presented by:
Kimberly D. Putnam, MSB# 102418
Dean Morris, LLC
1820 Avenue of America
Monroe, La. 71201
Telephone No: (318) 330-9020
kim.mackey@ms.creditorlawyers.com